# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 08-1883/3490

_____

| | |
|---|---|
| Mohammad Anwar; Farooq Khan; Azra Shehnaz, | * * * |
| Petitioners, | * |
| v. | * Petitions for Review of<br>* an Order of the Board<br>* of Immigration Appeals. |
| Eric H. Holder, Jr.,[1] Attorney General of the United States, | * * [UNPUBLISHED] * |
| Respondent. | * * |

_____

Submitted: October 20, 2009
Filed:  January 5, 2010

_____

Before RILEY, HANSEN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Petitioners Mohammad Anwar, Farooq Khan , and Azra Shehnaz (collectively, Petitioners), natives and citizens of Pakistan, petition for review of an order of the Board of Immigration Appeals (BIA).  The BIA affirmed an immigration judge's (IJ)

----

[1]Eric H. Holder, Jr., was appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

denial of Petitioners' application for asylum, withholding of removal, and protection pursuant to the Convention Against Torture (CAT).

"We review the determination regarding eligibility for asylum, withholding of removal, and relief under the CAT for substantial evidence, which is an extremely deferential standard of review." Khrystotodorov v. Mukasey, 551 F.3d 775, 781 (8th Cir. 2008) (citation omitted). We conclude substantial evidence supports the determination that Petitioners did not satisfy their burden of proof for asylum because Petitioners have not demonstrated they were subjected to past persecution in Pakistan, nor have Petitioners demonstrated their fear of future persecution is both subjectively genuine and objectively reasonable. See Malonga v. Mukasey, 546 F.3d 546, 553 (8th Cir. 2008) (defining legal persecution standard); Diop v. Holder, 586 F.3d 587, 591 (8th Cir. 2009) ("'A well-founded fear is one that is both subjectively genuine and objectively reasonable.'" (quoting Feleke v. INS, 118 F.3d 594, 598 (8th Cir. 1997)). Just as Petitioners have failed to establish eligibility for asylum, Petitioners cannot meet the more rigorous burdens of proof required to establish eligibility for withholding of removal or relief under the CAT. See Gitimu v. Holder, 581 F.3d 769, 774 (8th Cir. 2009).

After the BIA affirmed the IJ's denial of Petitioners' application for asylum, withholding of removal, and CAT relief, the government filed a motion with this court seeking remand to the BIA "to clarify the correct application of [the] derivative asylum claim rules in 8 U.S.C. § 1158(b)(3) and 8 C.F.R. § 1208.21." Our court granted the government's motion and remanded to the BIA with instructions to consider the issues raised by the government, as well as "all issues which may bear upon the petitioners' application for asylum." Petitioners now contend the BIA erred in assuming the government's position when the government did not respond upon remand and in considering the derivative asylum statute. We do not interpret the BIA's decision as assuming the government's position on remand because the government's request—that the BIA consider the derivative asylum statute—was

stated in the government's motion for remand, which this court granted. We decline to hold the BIA committed error by following the directives of this court. Petitioners do not contest the BIA's determination that the derivative asylum statute is inapplicable.

Petitioners also contend the BIA erred in finding the supplemental evidence Petitioners presented on remand was not material to Petitioners' asylum claim. We disagree. The evidence Petitioners presented only demonstrates, at best, a general state of political unrest in Pakistan and is insufficient to establish eligibility for asylum. See, e.g., Al Yatim v. Mukasey, 531 F.3d 584, 588 (8th Cir. 2008); Quomsieh v. Gonzales, 479 F.3d 602, 606 (8th Cir. 2007) (noting "incidents arising solely from political unrest are insufficient to show particularized persecution"); Mohamed v. Ashcroft, 396 F.3d 999, 1003 (8th Cir. 2005) (citations omitted) ("Harm arising from general conditions such as anarchy, civil war, or mob violence will not ordinarily support a claim of persecution.").

Finally, Petitioners filed a petition for review of the BIA's denial of Petitioners' motion to reconsider. However, Petitioners did not mention the BIA's denial of the motion to reconsider in their brief, nor did Petitioners advance any argument to support a finding that the BIA abused its discretion in denying Petitioners' motion to reconsider. See Esenwah v. Ashcroft, 378 F.3d 763, 765 (8th Cir. 2004) (abuse of discretion standard of review). We therefore decline to review the motion denial. See, e.g., United States v. Simmons, 964 F.2d 763, 777 (8th Cir. 1992) (citation omitted) ("As a general rule, an appellate court may review only the issues specifically raised and argued in an appellant's brief.").

We deny both petitions for review.

_____